IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Ismael Alfredo Velasquez,<br><br>    Defendant. | No.  CR 12-2259-TUC-CKJ (MAA)<br><br>**ORDER** |

Pending before the Court is the Amended Petition to Revoke Supervised Release (Doc. 280-1) alleged against Defendant Ismael Alfredo Velasquez ("Defendant" or "Velasquez"). On August 18, 2025, Magistrate Judge Micahel A Ambri issued a Report and Recommendation ("R & R") (Doc. 289) in which he recommended this Court find:

> [T]he government did not establish Defendant violated Mandatory Condition #1 of his supervised release prohibiting him from committing a federal, state or local crime but did establish he violated Standard Condition #2 prohibiting him from leaving the judicial district where he resides without first getting permission from the court or the probation officer and did violate Standard Condition #7 prohibiting him from changing his residence without prior notification.

R & R (Doc. 289, pp. 1-2).  No objection has been filed.

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

1  magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Nonetheless, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." *Thomas*, 474 U.S. at 154; *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing portions of the Report and Recommendation for which no objections were filed for clear error).

The Court has independently reviewed and considered the R & R (Doc. 289); the Petition to Revoke Supervised Release (Doc. 262); the Revocation Packet (Doc 280), including the July 7, 2025, United States Probation Office Memorandum and the Amended Petition to Revoke Supervised Release; the May 1, 2025, Psychiatric Report (Doc. 275); and the transcript of the July 8, 2025, Evidentiary Hearing (Doc. 287).

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 289) is ADOPTED.

2. The Court finds that the government has not established by a preponderance of the evidence Velasquez violated Mandatory Condition #1 of his supervised release prohibiting him from committing a federal, state or local crime.

3. The Court finds the government did establish by a preponderance of evidence Velasquez violated Standard Condition #2 prohibiting him from leaving the judicial district where he resides without first getting permission from the court or the probation officer.

4. The Court finds the government did establish by a preponderance of evidence Velasquez violated Standard Condition #7 prohibiting him from changing his residence without prior notification.

5. This matter is set for Final Disposition Hearing on October 6, 2025, at 9:45 a.m.

. . . . .

6. The United States Probation Office is directed to prepare a disposition report.

DATED this 8th day of September, 2025.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge